1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10   BLOCK MINING, INC.,                          CASE NO. C24-0319JLR

11                              Plaintiff,        ORDER

12                   v.

13   HOSTING SOURCE, LLC,

14                              Defendant.

15       Before the court is Plaintiff Block Mining, Inc.'s ("Block Mining") complaint

16   against Defendant Hosting Source, LLC ("Hosting Source").  (Compl. (Dkt. # 1).)

17   Having reviewed the complaint, the court finds that Block Mining has failed to allege an

18   adequate basis for subject matter jurisdiction.  The court therefore orders Block Mining to

19   serve and file a submission that includes information sufficient to establish the court's

20   jurisdiction by no later than March 18, 2024.

21       Block Mining asserts that the court's jurisdiction is based on diversity of

22   citizenship under 28 U.S.C. § 1332(a).  (Compl. ¶ 8.)  "For a case to qualify for federal

ORDER - 1

1   jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship

2   between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181

3   (9th Cir. 2004).  For purposes of assessing diversity jurisdiction, the court must consider

4   the domicile of all members of a limited liability company.  *Johnson v. Columbia Props.*

5   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash.

6   LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the

7   complaint must identify the citizenship of the parties, and, if any of the parties is a limited

8   liability corporation (LLC) . . . identify the citizenship of the . . . members of those

9   entities to establish the court's jurisdiction.").  Block Mining alleges that Hosting Source

10  "is a Washington limited liability company with its principal place of business in

11  Spokane, Washington." (Compl. ¶ 7.)  Yet, Block Mining fails to allege the citizenship

12  of any of the members of Hosting Source.  (*See generally id.*)  Absent such allegations,

13  the court cannot determine if Block Mining has properly invoked this court's subject

14  matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

15          Accordingly, the court ORDERS Block Mining to show cause why this case

16  should not be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P.

17  12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

18  court must dismiss the action.").  If Defendants fail to provide the court with the

19

20          [1] The court notes that if any member of Hosting Source is itself a limited liability
    company, Block Mining must provide information about the citizenship of the members of that
21  limited liability company as well, which is determined in the same manner described above—
    namely, by establishing the citizenship of each member.  *See Johnson*, 437 F.3d at 899
22  (examining the citizenship of a limited partnership whose partners included limited liability
    companies by looking to the citizenship of the members of those limited liability companies).

ORDER - 2

information described above by March 18, 2024, the court will dismiss this case without

prejudice.

Dated this 11th day of March, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3