UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLOCK MINING, INC., | CASE NO. C24-0319JLR |
| Plaintiff, | ORDER |
| v. | |
| HOSTING SOURCE, LLC, | |
| Defendant. | |

Before the court is Defendant Hosting Source, LLC's ("Hosting Source") corporate disclosure statement. (Statement (Dkt. # 32).) The court has reviewed the corporate disclosure statement and requires clarification.

This court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete

diversity of citizenship between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).  For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  To this end, Local Civil Rule 7.1 requires any nongovernmental party that is a limited liability company to identify any member of the LLC and for any such member, "list those states in which the . . . members are citizens."  Local Rules W.D. Wash. LCR 7.1(a)-(b).

Here, subject matter jurisdiction is premised on diversity of citizenship.  (*See* Compl. (Dkt. # 1) ¶ 8.)  Plaintiff Block Mining, Inc. ("Block Mining") alleges it is a citizen of Delaware and Illinois.  (*See id.* ¶ 6.)  Block Mining has also alleged "that Joe Teegarden is the sole member of Hosting Source and is a citizen of California."  (*See* OSC Resp. (Dkt. # 9) at 3.)  Hosting Source now asserts that it "is a Washington limited liability company" and, curiously, that "[t]here is no . . . member . . . to identify as required by LCR 7.1(a)(1)."  (Statement at 1.)  The parties have provided conflicting information that casts doubt on Hosting Source's citizenship and, in turn, whether the court has subject matter jurisdiction over this action.

Accordingly, the court ORDERS Hosting Source to either (1) file an amended corporate disclosure statement naming and identifying the citizenship of every member of Hosting Source, LLC, or if "[t]here is no . . . member . . . to identify as required by LCR 7.1(a)(1)" (Statement at 1), (2) file a response to this order identifying Hosting Source, LLC's citizenship as well as the factual and legal basis for the same.  Hosting Source

//

shall do so by no later than **April 10, 2024**.  Failure to comply with this order may result in sanctions.

Dated this 3rd day of April, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3