UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLOCK MINING, INC., | CASE NO. C24-0319JLR |
| Plaintiff, | ORDER |
| v. | |
| HOSTING SOURCE, LLC, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiff / Counter-Defendant Block Mining, Inc.'s ("Block Mining") motion for leave to submit a fee petition or, in the alternative, an order that Defendant / Counter-Claimant Hosting Source, LLC, ("Hosting Source") show cause why it should not cover Block Mining's reasonable attorneys' fees incurred in response to conduct that Block Mining alleges violates the Federal Rules of Civil Procedure and this District's Local Civil Rules.  (Mot. (Dkt. # 100) at 5-7; Reply (Dkt. # 106).)  Hosting Source opposes the motion.  (Resp. (Dkt. # 103).)  The court has considered the parties'

ORDER - 1

submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Block Mining's motion.

## II.    BACKGROUND

On December 16, 2025, the court (1) granted summary judgment in favor of Block Mining as to Hosting Source's liability for Block Mining's claim for breach of contract and both liability and damages for Block Mining's claims for conversion and trespass to chattels and (2) dismissed with prejudice Hosting Source's counterclaim for breach of contract.  (12/16/25 Order (Dkt. # 87) at 20.)  The court also granted Block Mining's motion for an award of damages of $1,219,746 against Hosting Source for its claims for conversion and trespass to chattels.  (*Id.*)  On December 23, 2025, Block Mining moved to voluntarily dismiss its sole remaining claim for breach of contract pursuant to Federal Rule of Civil Procedure 41(a)(2) and requested that the court enter judgment under Federal Rules of Civil Procedure 58(a) and (d).  (MTD (Dkt. # 89).)  On January 8, 2026, the court granted Block Mining's motion to voluntarily dismiss its breach of contract claim and entered judgment against Hosting Source.  (1/8/26 Order (Dkt. # 98).)

On January 12, 2026, Block Mining moved for sanctions on Hosting Source in the form of reasonable attorneys' fees incurred as a result of conduct that Block Mining alleges violated the Federal Rules of Civil Procedure and this District's Local Civil Rules.  (*See* Mot. at 5-7.)  Block Mining asserts that after the court granted its motion for summary judgment, Hosting Source "repeatedly obstructed or delayed Block Mining's efforts to obtain its judgment, violated the local rules, filed a motion in limine ["MIL"] it knew to be moot, and filed a frivolous opposition brief in response to [Block Mining's]

ORDER - 2

motion for voluntary dismissal[.]" (*Id.* at 5; *see also id.* at 6-7 (detailing Hosting Source's alleged misconduct).)  Block Mining further asserts that it "incurred significant attorney time to address this conduct." (*Id.* at 7; *see also* Wolf. Decl. (Dkt. # 102) ¶¶ 7-10; *id.* ¶¶ 3-5, Exs. 1-3 (detailing fees incurred).)  On January 20, 2026, Hosting Source filed a response opposing the imposition of sanctions.  (*See generally* Resp.)  On January 26, 2026, Block Mining filed a reply.  (*See generally* Reply.)  On February 17, 2026, the court held a telephonic conference and heard oral argument, in part, on Block Mining's motion, but reserved ruling at that time.  (2/17/26 Min. Order (Dkt. # 120) ("Block Mining's motion for attorneys' fees for misconduct[] remains pending and the court takes the motion under advisement[.]").)  The motion is now fully briefed and ripe for the court's consideration.

## III.    ANALYSIS

Block Mining moves for sanctions pursuant to Local Civil Rule 11(c), 28 U.S.C. § 1927, and the court's "inherent power to award attorneys' fees[.]"  (Mot. at 2; *see* Reply at 5-6 (clarifying that Block Mining did not move for sanctions pursuant to Federal Rule of Civil Procedure 11).)  All three of these bases require a finding of bad faith or intentional misconduct.  *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989) (local rules); *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (Section 1927); *Mills v. Zeichner*, No. C23-1130JLR, 2024 WL 37108, at *5 (W.D. Wash. Jan. 3, 2024) (inherent powers).  While either form of misconduct supports the imposition of sanctions, the burdens of proof are distinct.  *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (discussing inherent powers).  A finding

of willfulness "does not require proof of mental intent . . . but rather, it is enough that a party acted deliberately." *Id*. (citation omitted).  Bad faith "requires proof of bad intent or improper purpose." *Id.* (citation omitted).  The court considers each argument in turn.

**A.    Local Civil Rule 11(c)**

First, Block Mining seeks sanctions under Local Civil Rule 11(c), which provides that:

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

Local Rules W.D. Wash. LCR 11(c).  Block Mining asserts that sanctions are warranted under this rule due to Hosting Source's alleged violations of the Federal Rules of Civil Procedure and this District's Local Civil Rules.  (Mot. at 7.)  Hosting Source's alleged violative conduct includes: (1) falsely certifying in its MIL that its counsel "conferred in good faith with opposing counsel regarding the evidentiary issues raised in [the] motion[;]" (2) filing a MIL that it knew or should have known would be moot and asserting therein arguments that the court had already rejected; (3) refusing to stipulate or agree not to oppose Block Mining's motion for voluntary dismissal and entry of judgment; and (4) filing a frivolous brief opposing Block Mining's motion for voluntary dismissal and entry of judgment.  (*Id.* at 6-7.)

ORDER - 4

The court concludes that sanctions are not warranted under Local Civil Rule 11(c). Hosting Source has not engaged in litigation conduct that "so multiplies or obstructs the proceedings" as to result in "excess costs" to Block Mining. Local Rules W.D. Wash. LCR 11(c). First, as to the MIL, Hosting Source filed its MIL on December 22, 2025, in compliance with the court's operative pretrial schedule. (*See* 12/2/24 Min. Order (Dkt. # 63) (setting a December 22, 2025 deadline for the parties to file their MILs).) Block Mining has adduced evidence showing that it made clear to Hosting Source that it planned to dismiss the only remaining claim in the case. (Wolf Decl. (Dkt. # 90) ¶¶ 3-5, Exs. 1-3 (Dismissal Emails).) The court, however, did not vacate the MIL response deadline until December 29, 2025. (12/29/25 Min. Order (Dkt. # 91).) Given that the trial date had not yet been vacated, it was not unreasonable for Hosting Source to preserve its right to file MILs pursuant to the case schedule. Additionally, Hosting Source is subject to no obligation to stipulate to Block Mining's motion for voluntary dismissal and entry of judgment.

Furthermore, to the extent that Block Mining asserts that the court should sanction Hosting Source under Local Civil Rule 11(c) because Hosting Source purportedly filed a "frivolous" brief, Block Mining cites to no authority supporting such action. (*See* Mot. at 7 (listing authority).) Indeed, none of the cases cited by Block Mining address the imposition of sanctions under Local Civil Rule 11(c). Block Mining, in part, relies on *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997), to support its contention that "frivolous and legally unreasonable filings are sanctionable[.]" (Mot. at 7.) That case, however, pertains to sanctions in the context of Federal Rule of Civil

ORDER - 5

Procedure 11, which expressly "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Est. of Blue*, 120 F.3d at 985 (citing *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996); *see also id.* (citing *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1996) ("'Frivolous' filings are those that are 'both baseless and made without a reasonable and competent inquiry.'")). Local Civil Rule 11(c), in contrast, does not refer to "frivolous" filings. *See* Local Rules W.D. Wash. LCR 11(c). Block Mining also relies on *Hart v. McDermott*, No. C23-0503MJP, 2023 WL 7128848, at *2 (W.D. Wash. Oct. 30, 2023), which contemplates the imposition of sanctions under Washington state law rather than Local Civil Rule 11(c) and thus does not apply here. Lastly, Block Mining cites *Grundstein v. Ferguson*, No. C14-1356RSL, 2015 WL 1965349, at *2 (W.D. Wash. May 1, 2015), in which the court imposed sanctions pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this District's General Rule 3(d), and Federal Rule of Civil Procedure 11. Block Mining does not move for sanctions under any of those authorities. Thus, none of Block Mining's cited authorities persuade the court to issue sanctions here.

Finally, Block Mining does not meaningfully address whether Hosting Source acted in bad faith and provides no evidence of bad intent or improper purpose. (*See generally* Mot.) The court therefore DENIES Block Mining's request for sanctions under Local Civil Rule 11(c).

ORDER - 6

**B.      28 U.S.C. § 1927**

In its reply brief, Block Mining asserts for the first time that 28 U.S.C. § 1927 supports imposing sanctions on Hosting Source.  (Reply at 5-6.)  It is well-established, however, that a party may not raise a new argument in its reply brief.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citation omitted).  The court, therefore, declines to consider this basis for sanctioning Hosting Source.

**C.      Inherent Powers**

Finally, Block Mining seeks sanctions pursuant to the court's inherent powers. (Mot. at 2.)  "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).  "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'"  *Id*. (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). District courts may award attorneys' fees as a sanction under their inherent powers. *Rousseau*, 985 F.3d at 1088.  To impose sanctions pursuant to its inherent powers, "a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Id*. at 1090 (citation omitted).  "Because of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44 (citation omitted).

The court declines to exercise its inherent powers to issue sanctions.  The court determines that Hosting Source's filing a MIL consistent with the court's case

ORDER - 7

management schedule, failing to stipulate to voluntary dismissal, and opposing dismissal on terms it thought unlawful does not constitute "conduct which abuses the judicial process." *Haeger*, 581 U.S. at 107 (citation omitted). To the extent that Hosting Source falsely certified in its MIL that the parties had previously conferred about the evidentiary issues raised in the motion, Block Mining has not met its burden to show that Hosting Source acted in bad faith. Therefore, the court DENIES Block Mining's request to impose sanctions pursuant to the court's inherent powers.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Block Mining's motion for leave to submit a fee petition or for an order to show cause why sanctions are not warranted (Dkt. # 100).

Dated this 16th day of April, 2026.

_____
JAMES L. ROBART
7United States District Judge

ORDER - 8